IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE CONTRIBUTOR, CALVIN HART AND ANDREW HARRINGTON, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BRENTWOOD, <br><br> Defendant. | Case No. 3:11-cv-00624 <br><br> Judge CAMPBELL <br><br> Magistrate Judge GRIFFIN |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to LR 16.01(d), the following Initial Case Management Plan is proposed.

1. JURISDICTION: The court has jurisdiction over Plaintiff's claims of violations of the United States Constitution pursuant to 28 U.S.C. § 1332. Defendant disputes this Court's jurisdiction over Plaintiffs' claims based upon violations of the Constitution of the State of Tennessee.

2. PLEADINGS: Defendant's Answer was filed on July 21, 2011. Plaintiffs have filed a motion to amend Plaintiffs' Complaint. Defendant's counsel represented that there was no opposition to the Motion to Amend.

3. BRIEF THEORIES OF THE PARTIES:

    A. PLAINTIFFS: Plaintiffs bring this action to challenge a series of ordinances enacted by Defendants that violate Plaintiffs' right of free speech, expression and freedom

of the press guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 17 of the Tennessee constitution by unduly limiting the manner in which they sell their newspaper. Plaintiffs were issued citations for the distribution of Plaintiff Contributor's newspaper pursuant to Brentwood Ordinance 58-1 and believe they will be subject to the newly enacted ordinance in the future. This cause of action is seeking prospective relief only.

B. DEFENDANT: No action or inaction on the part of the City of Brentwood deprived any Plaintiff of any interest protected by the federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statute or law. It remains unsettled whether Plaintiffs may bring cognizable claims for declaratory or injunctive relief for alleged violations of the Tennessee Constitution, and this Court is not the appropriate forum for such claims. To the extent that the Complaint seeks review of municipal judicial proceedings, the City relies on the *Rooker-Feldman* doctrine and asserts that jurisdiction is lacking in this action for a review of such prior proceedings. All allegations or claims relating to previously enacted, but amended, municipal code provisions and ordinances are moot as the Court can neither declare unconstitutional nor enjoin the enforcement of an ordinance or code provision that is no longer in effect. Faced with an established pattern and practice of Contributor vendors, including the individual defendants in this case, standing in or on roadways to effectuate sales as well as soliciting sales from drivers of vehicles on roadways in Brentwood, the City was compelled to address these hazardous practices. To the extent that Plaintiffs' proposed Amended

Complaint will address Brentwood Ordinance 2011-09 and/or the amended Section 58-1 of the Code of Ordinances of the City of Brentwood, such ordinances or provisions apply even handedly to all who wish to solicit from motorists on the streets of Brentwood, TN, promote the significant government interest of the safety of motorists and pedestrians in the City of Brentwood, and leave ample alternatives for Plaintiffs' acts of solicitation.

4. ISSUES RESOLVED: Venue is admitted; jurisdiction over Plaintiffs federal constitutional claims is admitted; supplemental jurisdiction over Plaintiffs' state constitutional claim is disputed.

5. ISSUES STILL IN DISPUTE: Liability and relief.

6. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before August 30, 2011.

7. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before January 13, 2012. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Magistrate Judge Griffin.

8. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be scheduled not later than January 15, 2012. The subsequent case management conference will be conducted by telephone, with Plaintiffs' counsel initiating the call.

9. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before December 16, 2011.

10. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and reports by February 3, 2012. Thereafter, Defendants shall identify and disclose its expert witnesses and reports on or before March 16, 2012.

11. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before May 15, 2012.

12. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before March 16, 2012.

13. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions by June 11, 2012. Responses to dispositive motions shall be filed by July 9, 2012. Optional replies shall be filed by July 19, 2012. If dispositive motions are filed early, the response and reply dates are moved up accordingly. Barring court permission, briefs shall not exceed 25 pages, replies are limited to 5 pages.

14. ELECTRONIC DISCOVERY: Electronic discovery shall be governed by Administrative Order 174, unless the parties otherwise agree.

15. ESTIMATED TRIAL DATE AND TIME: The parties request a trial date no earlier than December 4, 2012. The estimated length of the trial is approximately three (3) days.

It is so ORDERED.

Dated this ___ day of August, 2011.

                                                    _____
                                                    JULIET GRIFFIN
                                                    U. S. Magistrate Judge

Approved for Entry:

*s/ Irwin Venick*
Irwin Venick (#004112)
Dobbins, Venick, Kuhn & Byassee
210 25th Avenue, North, Suite 1010
Nashville, TN 37203
(615) 321-5659

Tricia Herzfeld (#026014)
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142

*Attorneys for Plaintiffs*


*s/ Robert M. Burns*
Robert M. Burns (#15383)
C. Mark Harrod (#28416)
Howell & Fisher, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
(615) 244-3370

*Attorney for Defendant*